26253. McDUFFIE v. GUARDIAN LIFE INSURANCE CO.

DECIDED SEPTEMBER 10, 1937.

*J. K. Jordan,* for plaintiff.

*Haas, Gambrell & Gardner,* for defendant.

FELTON, J. The Guardian Life Insurance Company of America sued P. C. McDuffie on an extension agreement, praying for a judgment for the difference McDuffie agreed to pay under the extension agreement and the amount realized from a foreclosure on the property therein referred to. The extension agreement is as follows:

"This agreement made this 31st day of August, 1933, between the Guardian Life Insurance Company of America, hereinafter called the first party, and P. C. McDuffie, hereinafter called the second party, witnesseth: Whereas Massell Realty Company made and delivered unto Mortgage Bond and Trust Company certain notes for $55,000, dated the 27th day of July A. D. 1927, and secured by deed to secure debt of even date therewith, recorded in deed book 925, page 171, of the records of Fulton County, State of Georgia; and whereas, said notes and loan deed, together with the property therein described, were duly transferred and assigned to and are now the property of said first party; and whereas said notes bear interest at the yearly rate of 6%, and contain a stipulation that the same shall bear interest at the yearly rate of 8% after maturity; and whereas, the real estate and premises described in said deed to secure debt are now owned by said second party; and whereas the unpaid principal sum of said notes fell due on October 1, 1932; and whereas said second party desires to have extended the time for payment of the unpaid principal sum of $46,600 (hereinafter called extended principal sum), represented by said notes and deed to secure debt: Now, therefore, said first party, for and in consideration of the covenants hereinafter made by said second party, the prompt and faithful performance whereof is a condition precedent, and time being of the essence of this contract, hereby covenants and agrees to and with said second party that said extended principal sum shall be payable as follows: $1500 on October 1, 1935; $1500 on October

1, 1936; and the entire balance of $43,600 on October 1, 1937. And said second party, for and in consideration of the extension above set forth, does hereby covenant and agree to and with said first party: 1. That the rate of interest to be paid on said extended principal sum from the 1st day of October, 1932, to the date or dates to which payment thereof is extended as aforesaid, shall be the yearly rate of 5-1/2 per cent., payable semi-annually on the 1st day of the months of April and October in each year, at the principal office of said first party in New York City, or at the office of such trust company or bank or other agent of first party, in such other place as the holder of said notes may from time to time, in writing, appoint. 2. That said second party will pay to said first party said extended principal sum evidenced by said notes and secured by said deed to secure debt, in the manner and at the time or times when the same shall become payable as aforesaid, together with interest thereon as aforesaid. That second party will faithfully observe and perform all the conditions, covenants, and agreements contained in said notes and deed to secure debt, during the term of said extension and until said debt is fully paid and satisfied; and that if the said conditions or any of them are violated or broken, or if default is made in the performance of said covenants or agreements or any of them, or if default is made in any interest or principal payment as aforesaid, then the whole indebtedness secured by said deed to secure debt shall immediately become due and payable, and said first party may resort at once to any or all of the remedies provided for in said notes and deed to secure debt, or by any of the laws of the State of Georgia; and that upon the occurrence of any such default in the payment of interest or principal as aforesaid, or other breach of condition, covenant, or agreement in said notes and deed to secure debt contained, from that time and thereafter the rate of interest on said indebtedness shall be the yearly rate of 8 per cent. It is further understood and agreed that all the covenants and agreements hereinabove made shall be equally binding upon and inure to the benefit of the heirs, executors, administrators, successors, and assigns respectively of the said parties hereto."

The defendant filed a plea in which he contended that under the terms of the extension agreement he bound himself for the

principal amounts of the debt only in the event that the principal instalments were extended as provided for in the agreement, and that he was bound only for the interest up to the time of the foreclosure, and that the foreclosure prior to the time to which the payment of principal was extended amounted to a rescission of the contract with him. We can not agree to the defendant's contentions. The reasonable construction of the extension agreement is that he assumed and agreed to pay all the principal sums, and all the interest sums, according to the terms and conditions of the original deed and notes, as they were amended by the terms of the extension agreement; namely, that the principal sums became due in different years, and the interest was reduced 1/2 per cent. We think it is out of the question to say that the extension agreement be construed to mean that McDuffie could refuse to pay the interest becoming due and force the company to wait several years to bind him for the principal. The defendant admits being liable for interest up to the time of the foreclosure. If he owed that much under the terms of the contract, he owed all that accrued; and if he owed any interest at all (and he admits that he did owe some), he owed the principal as well. Under the contract he agreed to pay the interest stated on the terms provided in the original notes; and in default thereof, according to the terms of the original deed and notes and the extension agreement, the insurance company had a right to declare the entire principal amount due on the property and sue the defendant in this case for the deficiency. Consequently his plea setting up the above defense, and making no point on the acceleration of the maturity of the principal amounts for other reasons, and making no point as to the legality of the foreclosure proceedings for other reasons, was properly dismissed on demurrer.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*